[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Based upon a preponderance of the credible, relevant and legally admissible evidence, this court finds as follows:
1. The plaintiff and the defendant intermarried on May 2, 1990 at South Windsor, Connecticut
2. The wife's maiden name was Grace Enriquez Navarro.
3. One of the parties has resided continuously in this state for at least twelve months next preceding the date of the filing of this Complaint.
4. The marriage between the parties has broken down irretrievably and there is no hope of reconciliation.
5. The parties have two minor children, issue of the marriage, to wit:
 Katherine G. Lecours, born March 18, 1996 Jeffrey M. Lecours, born November 28, 1991
6. No other children have been born to the wife since the date of the marriage.
7. Neither party has been the recipient of state aid or other form of public assistance.
This is an intensely adversarial dispute centered on the custodial ambitions of an angry and remorseless husband and a frightened and defensive wife. He has pursued this matter as a pro se the better to sow havoc; has remained unemployed for many months, the better to generate financial pressure and has pursued an aggressive campaign of demeaning behavior towards his wife, the better to present himself as a custodial option. He is contemptuous of his wife's Filipino roots. Although she is heavily accented, she does communicate adequately, is thoughtful and available for a less adversarial approach.
Mrs. Lecours was born in the Philippines where she graduated from CT Page 7555 Quetino High School. Mr. Lecours was born in South Windsor, graduated from South Windsor High School and studied computers at Greater Hartford Community College from 1994 to 1996. This is Mr. Lecours second marriage, Mrs. Lecours first.
Mr. Lecours is not a credible witness. His anger overwhelms his memory. His determination to vent his outrage at his wife and to achieve sole custody dominates his integrity. Mrs. Lecours sometimes reacts in kind but she stops short of her husband's extremes, and is more reliable and credible, both as a witness and as custodian of Jeffrey (10) and Kathy (6).
Plaintiff mother has less education, training and vocational skills than defendant father, a more modest occupation and lesser income potential.
While Mr. Lecours enjoys the personal and financial support of his parents, Mrs. Lecours' extended family remains in the Philippines and she has no source of support beyond herself
It is in the best interests of the minor children that their mother exercise the final custodial authority. Father's designation as a nominal joint custodian is expressly conditioned upon his future respectful behavior towards the children's mother.
ORDERS:
Having reviewed the evidence in the context of the required considerations set forth in Title 46b, Chapter 815; of the Connecticut General Statutes, the following orders shall enter:
1. Dissolution
Dissolution shall enter on the grounds of irretrievable breakdown.
2. Alimony
Husband shall pay wife $1.00 a year as alimony until the year 2010.
3. Real Property
 a. A jointly owned property known, as 219 Griffin Road, South Windsor, Connecticut shall forthwith be placed on the market for sale with Sentry Real Estate by mother.
b. Both parties shall cooperate with the agent to effectuate the sale. CT Page 7556
 c. The Husband shall maintain the home in good clean condition, maintain the lawn and outdoor appearance and make repairs as reasonably needed and as requested by the Agent.
 d. The Husband shall vacate the home prior to the closing date stated in the sales contract.
 e. The Husband shall be responsible to pay all late fees, charges and attorney's fees on the mortgage and all mortgage interest and taxes due on the property for the months of December 2001 through and including the date of sale.
 f. The net proceeds (defined as gross minus in a payoff commission, counsel fees, conveyance taxes and other routine costs) shall be divided equally between the parties at closing except that, from the Husband's share, he shall pay the above-referenced mortgage-related expenses for December, 2001 through and including the date of closing.
 g. If there are any disputes regarding the disbursement of funds due each party from the net proceeds of the sale, the entire proceeds shall be held in escrow by Attorney Timothy J. Johnston until further agreement or court order.
 h. Any refunds/adjustments regarding taxes, oil, etc. on the property shall revert to the Husband.
 i. In the event of any foreclosure action taken on the property known as 219 Griffin Road, South Windsor, Connecticut, the Husband shall be solely responsible for any and all costs associated therewith, including, but not limited to: payments, taxes, late fees, penalty fees, attorneys' fees, and all other fees and costs, and shall indemnify and hold the Wife harmless thereon.
 j. The Court shall retain continuing jurisdiction of the matter to ensure the timely performance of all obligations contained in this paragraph.
4. Personal Property
Each party shall retain any savings and/or checking accounts in their respective names and possessions as reflected on their Financial Affidavits filed with the Court at the time of the dissolution of the marriage of the parties unless treated differently herein. CT Page 7557
5. Debts
 a. Each party shall be responsible for the debts listed on his or her respective financial affidavits.
 b. Mother is to pay Father at the rate of $50 per week beginning on the date of the closing of the Griffin Road property, a sum equal to $150 per week from January 2, 2002 to the date hereof, [after crediting *2000,]* conditioned upon father's meeting all his financial responsibilities as set forth in paragraphs 3, 5, 6, 10 and 13 herein. [Balance due: *14]*
6. Counsel Fees
 a. The parties agree that each shall be responsible for the payment of their own counsel fees.
 b. Each of the parties shall be equally responsible for the debt to the Guardian Ad Litem and shall pay said debt from the proceeds of the sale of 219 Griffin Road, South Windsor, Connecticut.
 c. Nothing herein shall prevent the Guardian Ad Litem from seeking an alternative Court Order for payment of his fees if there are not sufficient funds from the sale of 219 Griffin Road, South Windsor, Connecticut.
7. Custody
a. The parents shall be joint custodians of their minor children.
 b. If the parents are unable to agree on any issue, mother's decision shall be final.
 c. If father continues on his adversarial path, and continues to evidence disrespect for the children's mother, he is put on notice that such disrespect may become the basis for modification of his nominal custodial status.
8. Access
a. During the school year Husband shall have access to the children:
1. [Wednesdays]** [Tuesdays]* from school dismissal until CT Page 7558 8:00 p. m.
2. Every other weekend beginning June 7, 2002 from Friday when school gets out until Monday a.m. when Husband shall drop the children off at school.
 3. If Monday is a holiday, Husband shall keep the children until Tuesday a.m. when he shall drop them off at school.
 b. During the summer school vacation period Husband shall have access to the children Wednesdays from 3:00 p. m. until 8:00 p. m. and alternate weekends from Friday at 3:00 p. m. until Sunday at 8:00 p. m.
 c. The parties shall alternate winter and spring vacations with the children. Husband shall have the winter vacation in odd numbered [school]* years and the spring vacation in even numbered [school]* years.
d. 1. Each party shall enjoy two (2) weeks of uninterrupted time with the children during the summer.
 2. Wife shall have the right to pick her two weeks prior to Husband's choice in even numbered years.
 3. The party with the first right to pick shall notify the other of the choice on or before April 30th The other party shall then choose and notify the other on or before May 31st.
 e. 1. Husband shall have the children Christmas Eve from 4:00 p. m. until Christmas Day at 10:00 a.m., Easter and the 4th of July in even numbered years.
 2. Husband shall have the children Good Friday[*] and Thanksgiving[*] in odd numbered years.
3. Husband shall have the children on his birthday[*] and Father's CT Page 7559 Day.[*]
 4. Wife shall have the children with her on her birthday[*] and Mother's Day.[*]
[* from 8am to 8pm.]*
f. The children shall celebrate their birthdays with whichever parent has them according to the above schedule.
 g. The specific (holiday) schedule outlined above shall take precedence over the general access provisions.
 h. Whichever parent is starting their parenting time with the children shall be responsible for transportation except that the parent who has the children when school is in session shall be responsible for getting them to school.
 i. The children may call the other parent, privately, at any time without interference from the parent exercising their parenting time.
j. Neither parent shall ask the children about the other parent.
 k. If either parent wants to register the children for a long term activity which would interfere with the other parent's access to the children, that parent must have the approval of the other parent in advance. If the children ask for an activity which would conflict with the schedule outlined above, the parent objecting to such activity must tell the children "no".
 ***
10. Child Support
a. The Husband will pay child support via contingent wage withholding order directly to the Wife in the amount of $170.00 per week beginning four months from this date — until then, payments will be $95 per week. CT Page 7560
 b. Support shall continue for each child until the child reaches age 18. However, if a child is still in high school at age 18, support shall continue until graduation from high school, or age 19 whichever first occurs.
 c. In addition, Husband shall pay wife thirty-five (35%) percent of her work related day care expenses, to be included with his weekly support payment.
11. Exemptions
 a. Husband may claim both children as dependents on his State and Federal Income Tax returns for the years 2002, 2003 and 2004. [provided he is not in arrears of his child support payments during those years.]
 b. Thereafter, Husband may claim Jeffrey as an exemption in odd numbered years and Kathy as an exemption in even numbered years provided that he is not in arrears in his child support payments and financial responsibilities set forth in paragraphs 3, 5, 6, 10 and 13 herein as of December 3 P of that year. If he is in arrears, Wife may claim the children as exemptions.
12. Tax Returns
 The parties shall give each other a copy of their current Federal and Connecticut income tax return within one week of filing same. [until the children reach their majority as set forth in #10 herein.]
13. Medical Expenses 
 a. Wife shall maintain the children on her medical insurance as available through her place of employment at a reasonable cost.
 b. Father shall pay 35% of the children's unreimbursed medical expenses, including, but not limited to, dental, orthodontic, optical, mental health and prescription expenses that exceed one hundred dollars per child per calendar year. Mother shall pay 65% of said unreimbursed expenses.
 c. The provisions of Connecticut General Statutes § 46b-84e are incorporated by reference herein.
___________________ Steinberg CT Page 7561